IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NELLIE PATTON, | ) |
| | ) |
|     Defendant/Movant, | ) |
| | ) |
| v. | )   1:00-cr-00423-UWC-JEO |
| | )   1:05-cv-08058-UWC-JEO |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

The defendant, Nellie Patton (hereinafter "the defendant" or "Patton"), has filed a motion pursuant to Title 28, United States Code, Section 2255. She alleges that her counsel was ineffective in representing her at her re-sentencing in this matter. (Motion at 5).[1] For the reasons stated below, the court finds that the motion is due to be denied.

## BACKGROUND

On November 15, 2000, the grand jury for the Northern District of Alabama returned a thirteen-count indictment against the defendant and others charging drug and money laundering offenses. (Ex. A).[2] Count One of the indictment charged that the defendant was involved in a conspiracy to possess in excess of fifty grams of cocaine with the intent to distribute the same. (21 U.S.C. § 846). Count Three charged the defendant and codefendant Brandon Henderson with possession of fifty grams of cocaine base with the intent to distribute the same. (21 U.S.C. §§ 841(a)(1) & (b)(1)(A)). Counts Four and Five charged her alone with possession of fifty grams of cocaine base with the intent to distribute. (*Id.*). Counts Seven through Thirteen charged her with engaging in financial transactions involving the proceeds from unlawful drug

---

[1] The motion to vacate is located at document 1 in the court's file related to the post-conviction proceedings. (See *Patton v. United States*, 1:05-cv-08058-UWC-JEO).

[2] The exhibits are attached to document 48 in the original record. (See *United States v. Patton*, 5:00-cr-00423-UWC-JEO).

activities. (18 U.S.C. §§ 1956(a)(1)(A)(i) and 2)).

The defendant was initially represented by counsel under the Court's CJA Plan. She later retained Marcus Reid. Thereafter, he withdrew and the defendant was represented by James O'Kelly at trial.

The United States filed an information pursuant to 21 U.S.C. § 851 on June 4, 2001, informing the defendant of its intent to seek an enhanced sentence premised on her two prior felony drug offenses. Her case proceeded to a jury trial on the same day. The court dismissed Counts Seven and Thirteen on motion of the United States. During the trial, the court entered a judgment of acquittal on the remaining money laundering charges. The defendant was convicted on the drug counts.

A presentence report was prepared in this case for the defendant's original sentencing. Premised on the drug quantities involved in the criminal conduct and the defendant's prior felony drug convictions, the defendant was facing a mandatory life sentence on Counts One, Three, and Five, and ten years to life on Count Four. The report recommended increases in the Guidelines levels because a weapon had been associated with the defendant's conduct and because she was deemed a leader or organizer of criminal activities involving more than five persons.

Her initial sentencing hearing was continued to afford her the opportunity to meet with law enforcement officials with the expectation that she would provide substantial assistance to warrant a downward departure. *See* U.S.S.G. § 5K1.1. According to the United States, a meeting was "setup with Patton in order to begin her cooperation. . . . The meeting only lasted five minutes as Patton ended the meeting and refused to provide any details concerning her prior drug dealing." (Response at 3-4).[3] A sentencing hearing was conducted on December 17, 2001. The court sustained the defendant's objections to the increases for the firearm and for the finding

---

[3] The response of the United States to the defendant's motion is located at document five in the post-conviction file.

that she was a leader of organizer of the criminal activity. The court then found that the defendant had an offense level of "34" and a criminal history level of "VI" because of her prior convictions. Finding no reason to depart from the applicable range, the court sentenced her to life on Counts One, Three, and Five and thirty years on Count Four, which were to run concurrently.

The defendant appealed her convictions. The Eleventh Circuit Court of Appeals reversed her conviction on Count Three, finding that the evidence was insufficient. It remanded the case for re-sentencing.

The defendant's case was set for re-sentencing. Her counsel's request that the re-sentencing be continued was granted. In the interim, her counsel petitioned the state court to void her prior state drug felony convictions that previously had been used to enhance her federal sentence. After her state convictions were vacated, the defendant's federal case was set for re-sentencing on June 22, 2004.

Defense counsel again filed objections to the presentence report, asserting that the prior convictions should not be used to enhance the sentence. The United States opposed the motion, asserting that the statute of limitations under § 851 precluded the defendant from contesting the prior convictions for federal sentencing purposes.[4] (Response at 9). It also asserted that the defendant had not provided the necessary information concerning her conduct to warrant the favorable consideration. (*Id*. at 10).

At the sentencing, the court sustained the defendant's objection to the use of the prior convictions. Specifically, the court found that the state court decision to set aside the convictions was due comity. It also found that the defendant's Sentencing Guidelines level was a "32."

---

[4]Under § 851(e), a defendant "may [not] challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). The defendant's prior drug convictions were rendered in 1990. (Presentence Report at ¶¶ 42-43).

Accordingly, she had a sentencing range of 121-157 months. She was re-sentenced to serve 121 months custody. Neither she nor the United States appealed the sentence.

On June 29, 2005, the defendant filed the present motion. Therein, she asserts that her counsel was ineffective for failing to advise the court that she was eligible for consideration under the "safety valve" provision. (Motion at 5). She further alleges that if her counsel had informed her at the time of the re-sentencing that she met the safety valve requirement, she would have met with the law enforcement personnel and provided information regarding her offense conduct to qualify for a reduction in her sentence premised on this provision. The United States has filed a response in opposition to the defendant's motion. (Response). It asserts that counsel was not ineffective in that the defendant is not entitled to "safety valve" consideration because she did not meet two of the requirements for this reduction. Specifically, the United States asserts that she "still had more than one criminal history point at the time of her re-sentencing" and she did not provide the necessary information to law enforcement officials regarding her offense conduct. (Response at 9-10). In support of this position, the United States submitted the affidavit of the defendant's former counsel wherein he states that the defendant was unwilling to meet with law enforcement officials to be debriefed. Accordingly, the United States challenges the defendant's claim that her counsel was ineffective. The defendant has submitted a reply wherein she states that the United States is incorrect in its assessment of her criminal history and that she was "willing to re-meet with the authorities and provide all the required information to satisfy the safety valve statutory requirement." (Reply at 2-3).[5] She further asserts that an evidentiary hearing is necessary to clarify the conflicting affidavits before the Court. (*Id*. at 6).

## DISCUSSION

---

[5]The reply is located at document 8 in the court's file.

The Eleventh Circuit Court of Appeals has reiterated the familiar standard for reviewing claims of ineffective assistance of counsel. It has stated:

> The defendant must show that counsel's performance fell below constitutional standards and that his defense was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Ineffective assistance exists if: (1) counsel's performance was objectively unreasonable; and (2) a reasonable probability exists that the outcome would have been different absent the deficiency. *Id.* at 691, 104 S. Ct. at 2066. There is a strong presumption that counsel's performance was reasonable and adequate, with great deference shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Our review of an ineffective-assistance-of-counsel claim is from the perspective of defense counsel, and we consider the facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

*Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001), *cert. denied*, 534 U.S. 1167, 122 S. Ct. 1185, 152 L. Ed. 2d 126 (2002). To meet the second prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[6] A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.

To qualify for a Guidelines reduction under the "safety valve" provisions of the Sentencing Guidelines, a defendant must meet the following requirements:

> (1) The defendant [must] not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> (2) The defendant [must] not [have] use[d] violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) The offense [must] not [have] result[ed] in death or serious bodily injury to any person;
>
> (4) The defendant [must] not [have been] an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §

---

[6]In certain limited circumstances, prejudice is presumed. *Strickland*, 466 U.S. at 692.

848, and

> (5) Not later than the time of the sentencing hearing, the defendant [must have] truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2.  Additionally, if the defendant meets the criteria set forth above, she would be entitled to a two-level decrease in the Guidelines calculation.  U.S.S.G. § 2D1.1(b)(9).

At the original sentencing, the court found that the defendant had an offense level of "34" premised on the amount of drugs involved in the criminal activity.  (Sentencing Tr. at 17, 23).[7] The court specifically found that the drug quantity involved was the equivalent of 3,880 kilograms of marijuana.[8]  (*Id*. at 12).  Counsel for the defendant correctly did not dispute this portion of the court's findings.[9]  (*Id*.).

After the reversal of the conviction on Count Three, the drug offense level of "34" did not change.[10]  Thus, even if the defendant is correct, and counsel should have requested that she should be afforded the opportunity to qualify for the benefits of the "safety valve," she cannot show any prejudice to satisfy the second prong of *Strickland*.  The court already has classified her with an offense level of "32," which results in the sentencing range of 121-151 months.  (Re-sentencing Tr. at 7).[11]  Additionally, the court is not inclined to afford the defendant any

---

[7] The sentencing transcript is located at document 190 in the original criminal file.

[8] It was necessary to determine the drug quantity using marijuana because the underlying offenses involved both cocaine powder and cocaine base.  (See U.S.S.G. ¶ 2D1.1, Application Note 10).

[9] In fact, counsel proffered that amount in the objections to the presentence report.  (Doc. 139 at 2).

[10] Although the Eleventh Circuit vacated the conviction on Count Three, the drugs involved therewith are still attributable to the defendant as relevant conduct.  *See* U.S.S.G. § 1B.1.3.

[11] The re-sentencing transcript is located at document five in the post-conviction file.

6

further reduction of her sentence.

## CONCLUSION

Premised on the foregoing, the court finds that the defendant's motion to vacate, set aside, or correct her sentence (doc. 1) is due to be denied.[13]

Done the 18th day of August, 2006.

_____
U.W. Clemon
Chief United States District Judge

---

[12] Even if the defendant's offense level was deemed to be a level "30," her sentencing range would be 97-121 months. The court would again be inclined to impose a 121 month sentence under the circumstances.

[13] In so finding, the court pretermits consideration of the arguments of the United States that the defendant's challenges to the prior convictions were precluded because "there was some issue as to whether the statute of limitations had passed in order to challenge the convictions and thus at the time of her re-sentencing Patton had more than one criminal history point and did not qualify for the safety valve" and because she "had not provided the necessary information by the time of her re-sentencing." (Response at 9-10).